# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Case No. CR-08-66-JHP |
| | ) |
| TONIA RENE MULLINS, | ) |
| | ) |
| Defendant/Petitioner. | ) |

## ORDER

Before the Court is Defendant/Petitioner Tonia Rene Mullins' Motion for Downward Departure,[1] Government's Response in Opposition to Defendant's Motion for Downward Departure,[2] and Petitioner's Response [sic] to Government's Response in Opposition to Defendant's Motion for Downward Departure.[3] As detailed below, this Court lacks jurisdiction to modify Defendant/Petitioner's sentence. Therefore, Defendant/Petitioner's Motion for Downward Departure must be **DENIED**.

Defendant/Petitioner was charged with Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder for Hire, in violation of 18 U.S.C. §1958.[4] On June 8, 2009, following entry of a guilty plea, this Court sentenced Defendant/Petitioner to 72 months' imprisonment.[5] Defendant/Petitioner neither directly appealed nor filed a motion pursuant to 28 U.S.C. §2255. Defendant/Petitioner now files the instant "Motion for Downward Departure", two years after her

---

[1] Docket No. 48.

[2] Docket No. 53.

[3] Docket No. 54.

[4] Complaint, Docket No. 1.

[5] Government's Response at 1, Docket No. 53.

Judgment and Commitment, seeking an 18-month sentence reduction based on her participation in numerous education and rehabilitation programs during her incarceration.[6]

"[A] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authority."[7] Where a motion for sentencing reduction "is not a direct appeal or a collateral attack under 28 U.S.C. §2255, the viability of [the] motion depends entirely on [the applicability of] 18 U.S.C. §3582(c)."[8] Under Section 3582(c), a court may not modify a term of imprisonment once it has been imposed except in three limited circumstances:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.' Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).[9]

The sentence from which Defendant/Petitioner seeks a downward departure was imposed by this Court on June 8, 2009. Without some statutory authority, this Court is without jurisdiction to grant a departure. Defendant/Petitioner offers no statutory authority to support her position, and does not bring this motion either as a direct appeal of her sentence or as a collateral attack under 28 U.S.C. §2255.[10] Lacking any other statutory authority, and outside the avenues of direct appeal and

---

[6] Motion for Downward Departure at 3-5, Docket No. 48.

[7] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997) (*quoting United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

[8] *Smartt*, 129 F.3d at 540.

[9] *Smartt*, 129 F.3d at 540-541 (*internal citations omitted*).

[10] In fact, Defendant/Petitioner specifically waived her right to collaterally attack her sentence. *See* Government's Response at 5, Docket No. 53.

collateral attack, Defendant/Petitioner's motion must be considered in light of 18 U.S.C. §3582(c).[11]

Defendant/Petitioner has not provided any motion from the Director of the Bureau of Prisons that would permit the Court to review her case for "special circumstances." Further, Defendant/Petitioner has offered no allegations of "arithmetical, technical, or other clear error" or that her sentence was otherwise incorrect, therefore obviating a Rule 35 analysis. Finally, Defendant/Petitioner has not alleged that she was sentenced under a Guidelines range that has subsequently been lowered by the Sentencing Commission. Defendant/Petitioner's only support lies in cases that are all procedurally distinct from the instant one.[12] Without a showing that one of the three §3582(c) factors apply, this Court is without jurisdiction to modify Defendant/Petitioner's sentence. As this court is without jurisdiction to hear Defendant/Petitioner's Motion for Downward Departure, the Motion is rightfully **DENIED**.

IT IS SO ORDERED this 30th day of January, 2012.

_James H. Payne_
United States District Judge
Eastern District of Oklahoma

---

[11] *See Smartt*, 129 F.3d at 540-541.

[12] After review of Defendant/Petitioner's cited cases, the Court concurs with the Government's position that all of Defendant/Petitioner's cited cases stem from either initial sentencing proceedings or resentencing on remand following a successful appeal or post-conviction challenge. *See* Motion for Downward Departure at 2-3, Docket No. 48 (*citing Koon v. U. S.*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (departure on remand, resentencing); *Pepper v. U.S.*, __U.S.__, 131 S.Ct. 1229 (2011) (departure on remand, resentencing); *U.S. v. Sally*, 116 F.3d 76 (3rd Cir.1997) (departure on remand, resentencing); *U.S. v. Brock*, 108 F.3d 31 (4th Cir.1997) (direct appeal of initial sentence); *U.S. v. Kapitzke*, 130 F.3d 820 (8th Cir.1997) (Government appeal of departure at initial sentencing); *U.S. v. Willey*, 350 F.3d 736 (8th Cir.2003) (Government appeal of departure at initial sentencing); *U.S. v. Green*, 152 F.3d 1202 (9th Cir.1998) (Government appeal of departure at initial sentencing).